(119 App. Div. 143)

GOETTING, Commissioner of Charities, v. NORMOYLE et al.

(Supreme Court, Appellate Division, Second Department.   April 19, 1907.)

HUSBAND AND WIFE—ABANDONMENT—SECURITY FOR SUPPORT.

An undertaking given by defendant, on conviction for failure to support his wife and children, pursuant to Greater New York Charter, Laws 1897, p. 239, c. 378, § 685 et seq., which calls for the payment of a weekly sum for one year thereafter for the support of defendant's wife and children, is intended to provide for indemnity only; and, where no public money has been disbursed on their behalf, no recovery can be had under it as a penalty to punish wrongdoing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 1115.]

Appeal from Trial Term, Kings County.

Action by Adolph H. Goetting, as commissioner of charities, against Michael Normoyle and Bridget Lillis.   From a judgment for plaintiff, defendants appeal.   Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

C. A. Burgess, for appellants.

James D. Bell (David Joyce, on the brief), for respondent.

HIRSCHBERG, P. J.   This action is brought by the commissioner of public charities for the city of New York for the boroughs of Brooklyn and Queens.   It is brought upon an undertaking given upon the conviction of the defendant Michael Normoyle as a disorderly person in having failed to provide for his wife and children, who were in danger of becoming a burden upon the public.   The defendants are Normoyle and his surety.   The undertaking was given pursuant to section 685 and subsequent sections of the Greater New York Charter (chapter 378, p. 239, Laws of 1897, as amended).   The undertaking was executed on the 21st day of February, 1900, and provided for the payment by Normoyle to the commissioner of public charities of the sum of $15 per week for the period of one year thereafter for the support of the wife and children of the accused.   The action was commenced in July, 1901, alleging failure to comply with the condition of the undertaking for the entire 52 weeks, and the recovery is for the full sum of $780.   The answers alleged that the wife and children had been supported during the year, that none had become a public charge, and that no money had been disbursed by the community in the behalf of any of them.   On the trial no evidence was given, each side moved for judgment on the pleadings, and the judgment appealed from was granted on the plaintiff's motion.

The question presented is whether the undertaking compels payment absolutely, or whether it is intended to provide for indemnity only.   The respondent claims that failure to make the weekly payments constitutes a forfeiture of the undertaking, and that it is not competent for the defendants to prove as a defense that the husband during the year has fully supported his wife and children.   The language of section 901 of the Code of Criminal Procedure provides in

103 N.Y.S.—56

express terms that the undertaking to be given under like circumstances shall be to indemnify the county, city, village, or town. While there is no mention of an indemnity in the Greater Charter, supra, I think the expression in sections 685 and 686, that the weekly payment and the undertaking given to secure the same shall be for the support of the wife and children, accomplishes the same object. The contrary view was held, in an action upon a bond given in pursuance of 2 Rev. St. (5th Ed.) p. 903, pt. 1, c. 20, tit. 5, § 1, in People v. Pettit, and the recognizance was held to impose a penalty, not for the purpose of indemnity, but by way of punishment. That case, however, was reversed in the Court of Appeals (74 N. Y. 320), where it was decided that the conviction is not evidence of a subsequent breach of the condition of the bond, but that it must be made to appear that subsequent to the giving of the bond the person complained of has been guilty of the neglect charged against him. A similar view was adopted by the former General Term in this department in People ex rel. Kehlbeck v. Walsh, 11 Hun, 292. To the same effect is the case of Lutes v. Shelley, 40 Hun, 197. The court there said (page 201):

"The statute is penal. The burden is with the plaintiff to establish a breach of the condition of the bond. The conviction had before the bond was made furnishes no evidence for that purpose."

The fact that a specified weekly sum is required to be paid by the terms of the city charter is not controlling. The payments are to be made for the support of the abandoned wife and children only, and not as a penalty to punish wrongdoing.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.